IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11CV444-MHT |
| ) | |
| ) | |
| FELDMEIER ALABAMA ) | |
| EQUIPMENT, et al. ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, brings this Title VII employment discrimination action against his previous employer, Feldmeier Alabama Equipment, Inc., and two individual supervisors, David Labencki and Walter Bolden. This action is presently before the court on the motion to dismiss filed by Bolden and Labencki on June 28, 2011. (Doc. # 10).

Title VII does not provide a cause of action against individuals. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); see also Dearth v. Collins, 441 F.3d 931 (11th Cir. 2006)("[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company.")(emphasis in original)(citation omitted). Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to dismiss be

GRANTED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before September 27, 2011. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of September, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE