IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11CV444-MHT |
| | ) | |
| FELDMEIER ALABAMA EQUIPMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Charles Wilson, proceeding *pro se*, brings a Title VII claim against defendant Feldmeier Alabama Equipment, Inc., alleging that Feldmeier discriminated against him because of his race, African American, when it terminated his employment on July 6, 2010. This action is presently before the court on the motion for summary judgment filed by defendant on September 29, 2011 (Doc. # 17). Although he was given an opportunity to do so (see Doc. # 23), plaintiff has not responded to the motion.[1] Upon consideration of the motion, the court concludes that it is due to be granted.

## THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the

---

[1] Plaintiff filed this case just over five months ago. In its order setting the deadline for plaintiff's response to the present motion, the court advised plaintiff of the requirements for responding to a motion for summary judgment and noted that, if he is unable to present evidence of facts essential to his opposition, he must file an affidavit or declaration explaining why he is unable to do so. (Doc. # 23). Plaintiff has not filed any response to the motion, and has filed no Rule 56(d) affidavit or declaration.

court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact.  Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of proof at trial," summary judgment shall be granted.

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987).  It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.  Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact,

2

then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

## DISCUSSION[2]

Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of his race with respect to the terms and conditions of his employment. Porter v. American Cast Iron Pipe Co., 427 Fed. Appx. 734, 736-37 (11th Cir. 2011)(unpublished opinion). The McDonnell Douglas/Burdine[3] framework was established by the Supreme Court for evaluating a Title VII plaintiff's claims of discrimination against an employer where, as here, there is no direct evidence of discrimination.[4] See Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997). The plaintiff must first make out a *prima facie* case of discrimination. Burdine, 450 U.S. at 252-53; Walker v. Mortham, 158 F.3d 1177, 1183 (11th Cir.1998); Combs, 106 F.3d at 1527-28. "Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." Id. (quoting Burdine, 450 U.S. at 254); Walker, *supra*.

---

[2]  As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the plaintiff. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).

[3]  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981).

[4]  In its review of the record, the court noted no direct evidence of discriminatory intent.

If the plaintiff establishes a *prima facie* case, the employer has the burden of producing "legitimate, non-discriminatory reasons for the challenged employment action." Combs, 106 F.3d at 1528 (citing McDonnell Douglas, 411 U.S. at 802). "To satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Combs, 106 F.3d at 1528 (quoting Burdine, 450 U.S. at 257). If the employer articulates a legitimate, nondiscriminatory reason for its decision, the mandatory inference of discrimination arising from the *prima facie* case is destroyed. Walker, 158 F.3d at 1184. The plaintiff must then produce evidence "including the previously produced evidence establishing the *prima facie* case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Combs, 106 F.3d at 1528. A plaintiff may establish pretext by producing evidence that reveals "'such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [defendant's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence.'" Springer v. Convergys Customer Management Group, Inc., 509 F.3d 1344, 1348 -1349 (11th Cir. 2007)(quoting Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004)). "However, a reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.'" Id. (citing Brooks v. County Comm'n of Jefferson

County, 446 F.3d 1160, 1163 (11th Cir.2006))(emphasis in original).[5]

To establish a *prima facie* case of discriminatory termination, plaintiff must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) similarly-situated employees outside of his protected class were treated more favorably than plaintiff; and (4) he was qualified to do his job. Burke-Fowler v. Orange County, Florida, 447 F.3d 1319, 1323 (11th Cir. 2006). Defendant contends that it is entitled to summary judgment on plaintiff's discriminatory termination claim because plaintiff cannot establish a *prima facie* case of race discrimination. Specifically, defendant argues that plaintiff cannot establish "that any Caucasian employee was treated more favorably than he." (Defendant's brief, Doc. # 18, pp. 13-14).[6]

David Labencki, Feldmeier's plant manager, testifies by affidavit that he made the decision to terminate plaintiff's employment in July 2010. Labencki states that he terminated plaintiff because of his: (1) poor work attendance; (2) sitting down and reading a book during work hours; and (3) making a threat – which plaintiff admitted – concerning a Feldmeier employee to another employee. (Labencki aff., ¶¶ 2, 4).[7] Jon Snyder, Feldmeier's Safety/Parts

---

[5] In some cases, proof that an employer's asserted justification is false, when coupled with the evidence establishing the plaintiff's *prima facie* case, is sufficient to permit an inference of discrimination. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000).

[6] Defendant also argues that plaintiff "cannot establish that he was subjected to an adverse employment action[.]" (Doc. # 18, p. 13). However, it is undisputed that Feldmeier fired the plaintiff. (Labencki aff.). This argument is without merit.

[7] Exhibit C to defendant's motion for summary judgment consists of Feldmeier's letter to the EEOC, with attached Exhibits 1-30, responding to plaintiff's EEOC charge. The letter references and describes the attached exhibits and was signed by Feldmeier's Vice President and by Labencki

Manager provided a written statement on July 6, 2010 that was witnessed by Labencki.

Snyder states:

> On 07-06-10 at approximately 7:45 am, Charles Wilson entered Dave Labencki's office and stated that he wanted to defend himself. Dave then asked him if he was reading on the floor. Charles replied "yes I was, but it was the Bible Dave, the Bible and that [] was for five minutes only". Dave then asked Charles if he had made statements in the shop threatening to harm Walter Bowlan. Charles answered "yes, but it was in the heat of the moment".

(Exhibit 30 to Exhibit C).[8]  In his July 6, 2010, letter to the plaintiff terminating his employment, Labencki advised plaintiff of the reasons for his decision:

> 1)   Consistently working less than the required 40 hours per week – you worked fewer than 40 hours per week for 10 weeks out of the last 16 weeks.
> 2)   Sitting down reading a book during work hours
> 3)   Making threats about a Feldmeier employ[ee] to another employ[ee] which you admitted to myself.

(Exhibit 2 to Exhibit C).

As noted previously, plaintiff has not responded to Feldmeier's motion for summary judgment. In his EEOC charge, which he signed under penalty of perjury and attached to his

---

on September 8, 2010. In his affidavit (Exhibit A to the motion for summary judgment), Labencki avers that he has "carefully reviewed this [EEOC] response and believe[s] it is true and correct and reflects the true reasons for [plaintiff's] termination." (Labencki aff., ¶ 3). Thus, to the extent Feldmeier's unsworn EEOC response includes information or exhibits which are demonstrated to be within Labencki's personal knowledge, the court may consider the evidence on the present motion.

[8]  Snyder's statement – like other employee statements included in Exhibit C – concludes with his certification that the statement is "true, accurate, and factual[.]" It is not a sworn statement and it does not satisfy the requirements of 28 U.S.C. § 1746 for unsworn declarations under penalty of perjury. However, Labencki signed the statement as a witness to Snyder's signature, the statement describes Labencki's conversation with plaintiff, and Labencki avers that the EEOC response reflects the "true reasons" for plaintiff's termination.

complaint, plaintiff states, "Similarly situated White employees work less than 40 hours per week, talk and text in view of the plant manager and a White employee threatened to 'slice and dice' a Black employee and he only received a three day suspension." (Doc. # 1-1).  He further states, "I was checking into a plant catalog with equipment geared to some of the tools I use during work." (Id.).  In his complaint, plaintiff alleges that Labencki "was told that I threaten[ed] an employee, Walter Bolden, in which I did not. However, I was terminated in part for this reason." (Complaint, ¶ 9).

"When a plaintiff alleges discriminatory discipline, to determine whether employees are similarly situated, [the court] evaluate[s] 'whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.' ... When making that determination, '[the Eleventh Circuit] 'require[s] that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.'" Burke-Fowler, 447 F.3d at 1323 (footnote omitted)(quoting Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)); see also Summers v. The City of Dothan, AL, 2011 WL 4376015, * 2 (11th Cir. Sept. 21, 2011)(unpublished opinion)(same).

Plaintiff's declaration in his EEOC charge is insufficient to establish that defendant treated a similarly situated employee outside plaintiff's protected class more favorably.  First, plaintiff's statement that the unnamed white employees are "[s]imilarly situated" is conclusory and does not constitute competent evidence that any of the unidentified

employees were, in fact, similarly situated to the plaintiff. The Eleventh Circuit has "'consistently held that conclusory allegations without specific supporting facts have no probative value.'" Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000)(quoting Evers v. General Motors Corp., 770 F.2d 984, 985 (11th Cir. 1985)); see also Cornelius v. Home Comings Financial Network, Inc., 293 Fed. Appx. 723, 728 (11th Cir. 2008)("To have any probative value, affidavits must be supported by specific facts, not conclusory allegations.")(citing Evers, 770 F.2d at 986 and Fed. R. Civ. P. 56(e)); Miller v. Citizens Security Group, Inc., 116 F.3d 343, 346 (8th Cir. 1997)("A conclusory statement in an affidavit, however, cannot create a genuine issue of material fact which precludes summary judgment.").  Additionally, plaintiff does not indicate that he has personal knowledge of the other employees' work hours, or that he observed others talking and texting in the presence of the plant manager or threatening another employee.  Most significantly,  Labencki gave three reasons for his decision to terminate the plaintiff's employment: plaintiff's less-than-forty-hour work weeks, his reading during work hours and his making a threat about another employee.  It is not enough for plaintiff to identify comparators outside his protected class who each engaged in *some* of the conduct for which plaintiff was terminated; to satisfy this element of his *prima facie* case, plaintiff must provide evidence of a comparator who engaged in (or was believed by his employer to have engaged in) misconduct of a quantity and quality nearly identical to his.  Even assuming that the statements plaintiff made in his EEOC charge are based on his personal knowledge, plaintiff has identified no single

8

comparator who worked less than the required forty hours per week as frequently as did plaintiff, and who also had admitted to making threats about another employee and had been reported for reading a book (or engaging in other personal pursuits) during working hours. By failing to demonstrate the existence of such a comparator, plaintiff has failed to meet his burden of establishing a *prima facie* case of discrimination.  See Bentley v. Orange County, Florida, 2011 WL 5119522, *2 (11th Cir. Oct. 28, 2011)(*per curiam*)(unpublished opinion)("Despite Bentley's arguments to the contrary, we generally require that the plaintiff provide comparator employees whose misconduct was 'nearly identical' to the plaintiff's, and this panel is bound to follow that precedent. Although the individuals that Bentley named as comparators were not members of her protected class, none of them were engaged in nearly identical conduct – in which she misrepresented the nature of her plans to take a cruise, and then failed to follow proper procedures for notifying officials of the duration of that absences.  Rather, the two female employees she named were not charged with fraud or dishonesty violations, and the two male employees she named were charged with making fraudulent statements, but neither also violated Orange County leave policies like Bentley did.  Because Bentley failed to offer appropriate comparators, she failed to make out a *prima facie* case.").[9]  Plaintiff has failed to satisfy his burden of establishing a *prima facie* case of

---

[9]  Defendant does not contend expressly that plaintiff cannot establish pretext.  (See Doc. # 18, pp. 12-14).  Instead, defendant argues that it is not necessary to reach the issue of whether it "articulated a legitimate, non-discriminatory reason for the challenged actions, because Plaintiff has failed to establish a prima facie case of race discrimination." (Id., p. 13). The court notes, nevertheless, that defendant has articulated – through the affidavit of the decisionmaker – legitimate reasons for plaintiff's termination and that the record includes no evidence sufficient to establish

discrimination.  Defendant is, accordingly, entitled to summary judgment.

<b>CONCLUSION</b>

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion for summary judgment be GRANTED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before December 2, 2011.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 18th day of December, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

pretext.